**FEINBERG & GASBARRO**

**Glen Feinberg**
Partner
(914) 391-7671
gfeinberg@feinberg-gasbarro.com

December 11, 2025

**By ECF and Facsimile to Chambers: (914) 390-4179**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: **Request for Pre-Motion Conference**
*Gomes De Souza v. Watchtower Bible and Tract Society of Pennsylvania, Inc. et al*
Case No.: 7:25-cv-09458-NSR

Dear Judge Román,

We represent defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY") in the above-referenced action. Pursuant to Sections 3(A)(ii) and 3(F) of Your Honor's Individual Practice Rules, we hereby request a pre-motion conference for an anticipated Motion to Dismiss the complaint pursuant to Fed. R. Civ. P. 12(b). The basis for our anticipated motion is as follows:

1. ***The action is time-barred***

Plaintiff, who is a Citizen of the United Kingdom, alleges that she was sexually abused in Brazil by a Brazilian man named Angelo Roviezzo in the years 2011 and 2012, when she was 12 to 13 years old. *See* Complaint ¶¶ 1-4, 10. Plaintiff seeks to recover against defendants under various tort theories, including negligence and intentional tort. *See* Complaint pp. 20-31. Inasmuch as Plaintiff's alleged claims accrued when she was under the age of 18, under the law applicable at the time, the statute of limitations began to run in or about the year 2017—when Plaintiff turned 18-years of age. *See* CPLR 208(a) (infancy toll). The time within which Plaintiff could have sued to recover under theories of negligence or intentional tort expired long before this case was filed. *See* CPLR 214(5) (three-year statute of limitations for negligence) and 215(3) (one-year statute of limitations for intentional tort).

Plaintiff alleges that this case is governed by the New York Statute of Limitations, specifically CPLR 208(b), *see* Complaint ¶ 17, which provision was enacted by the New York Legislature as part of the Child Victim's Act (hereinafter the "CVA").[1] The CVA added two provisions to the CPLR regarding the statute of limitations: CPLR 208(b) and CPLR 214-g. The latter provision created a revival window for filing time-barred claims, which window closed no later than November 12, 2021. *See Bethea v. Children's Vill.*, 225 A.D.3d 580, 581 (2d Dept. 2024). The former provision, CPLR 208(b), effectively extended the infancy toll to permit victims of child sex abuse to bring civil claims until their 55th birthday. *See* CPLR 208(b). Critically, however, CPLR 208(b) was prospective only, meaning that it is unavailable to plaintiffs whose claims accrued prior to the CVA's enactment. Explaining the interaction between the two provisions, the Fourth Department held: "[T]he CVA amended CPLR 208 (b) to *prospectively* and permanently allow all victims of child sexual abuse to pursue those claims until age 55, whereas CPLR 214-g was enacted to provide temporary retrospective relief for all claims—regardless of age—for a limited and discrete period of time," *Disalvo v. Wayland-Cohocton Cent. Sch. Dist.*, 218 A.D.3d 1169, 1171 (4th Dept. 2023) (emphasis in original).

Indeed, in *Friedman v. Bartell*, 2025 WL 1681607 (2d Cir. June 16, 2025), the Second Circuit held that CPLR 208(b) "applies only prospectively, after the enactment of the CVA, and is thus inapplicable to (plaintiff's) claims, which accrued decades before the enactment of the CVA." *See also Jones v N.Y.P.D.*, 2024 WL 325361, at *1 (S.D.N.Y. 2024) ("Because Plaintiff's claims accrued before February 14, 2019, and were already time-barred at the time of the CVA's enactment, Section 208(b) does not apply to his claims."). Accordingly, Plaintiff's complaint is time-barred and must be dismissed.

### 2. New York is an inconvenient forum to adjudicate Plaintiff's claims regarding conduct occurring in Brazil

Under the legal standard applicable to forum non conveniens motions, Plaintiff's case—if not time-barred—belongs in Brazilian courts and not the Southern District of New York. *See e.g. Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (outlining the three-step process for determining forum non conveniens motions). Of note, Plaintiff is a Citizen of the United Kingdom and presently resides in Stafford, England. *See* Complaint ¶¶ 10, 18. She alleges she was abused in Brazil by a Brazilian man. *See* Complaint ¶¶ 1-4. Her complaint alleges that various members of Jehovah's Witnesses' congregations located in Brazil were witnesses to circumstances surrounding the alleged abuse. *See* Complaint ¶¶ 30-39. Plaintiff alleges that she attempted to kill herself. Complaint ¶ 57. Medical records and witnesses related to that incident, if

---

[1] WTNY reserves the right to argue, after further factual investigation and at the appropriate time, that this case is governed by some law other than the law of New York (i.e., Brazilian law). The arguments in this pre-motion letter are premised upon Plaintiff's assertion in the Complaint that the New York Statute of Limitations applies.

Hon. Nelson S. Román
December 11, 2025
Page 3 of 3

they exist, are located in Brazil. The Complaint mentions certain letters and sworn statements regarding the alleged underlying incident. *See* Complaint ¶¶ 63-65. Those letters and sworn statements, if they exist, would be located in Brazil (and are presumably written in Portuguese). Plaintiff also alleges that her abuser was arrested and convicted by Brazilian authorities. *See* Complaint ¶¶ 8. Documents related to the arrest and conviction would be located in Brazil. New York is clearly an inconvenient forum for the adjudication of this action.

We look forward to discussing our intended motion with Court and other parties at a pre-motion conference with Your Honor.

Respectfully submitted,

FEINBERG & GASBARRO, LLP

_____
Glen Feinberg, Esq.

CC: McLaughlin and Stern, LLP
260 Madison Ave
New York, NY 10016
Counsel for Plaintiff
***By ECF***

Kerley, Walsh, Matera & Cinquemani, P.C.
2174 Jackson Ave.
Seaford, NY 11783
Counsel for Governing Body of Jehovah's Witnesses
***By ECF***