# KERLEY, WALSH, MATERA & CINQUEMANI, P.C.

BRIAN P. KERLEY
JEFFREY G. WALSH
ROSEMARY CINQUEMANI
GLENN J. MATERA
JEFFREY M. Di LUCCIO
PATRICK J. SHELLEY
STEPHEN E. RACH II
ROBERT K. LAPPING
TIMOTHY M. SHELLEY
KERRI E. LEVY
MICHAEL JANES
HEATHER L. AQUINO**
BRETT J. MILGRIM
ARGIRO DRAKOS
STEPHANIE A. JOHNSTON
CARL J. SCHAERF**
CAROL N. KOTSINIS**
GARY N. SMITH***
STEVEN J. KIM*

2174 JACKSON AVENUE
SEAFORD, NEW YORK 11783
(516) 409-6200
FAX (516) 409-8288

200 SHEFFIELD STREET, SUITE 208
MOUNTAINSIDE, NEW JERSEY 07092

555 FIFTH AVENUE, 14TH FLOOR
NEW YORK, NY 10017

*REMIT ALL RESPONSES TO THE
SEAFORD OFFICE

FARIJE FREILICH
ANGELA M. SANTORUFO
JOY WODA SCHNEIDER
**JOHN P. IANNONE, JR.
**JONATHAN R. JANOFSKY
MICHAEL A. GRAZIO
ROBERT O. PRITCHARD
VANESSA M. COSTANTINO
ZACHARY S. GOLDMAN
*MORGAN J. WILLIAMS

OF COUNSEL

KATHLEEN LINDSAY, R.N.
*THOMAS J. DECKER
KRISTEN SPOEREL

*Admitted in NJ
**Admitted in NY and NJ
***Admitted in NY, NJ and PA

**MEMO ENDORSED**

December 11, 2025

**Via ECF**

The Honorable Nelson S. Roman
Judge of United States District Court
For the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Plaintiff is directed to reply to Defendant's pre-motion letter by December 18, 2025.**

**Dated: December 12, 2025
White Plains, New York**

SO ORDERED:
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Re: STELLA CRISTINA GOMES DE SOUZA v. WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.

Civil Action No. 7:25-cv-09458-NSR

Our file: 27208

Dear Judge Roman:

Our firm represents the individual members of the Governing Body of Jehovah's Witnesses ("Governing Body") in the captioned matter. We respectfully request a pre-motion conference as we intend to move on multiple grounds, ranging from Fed.R.Civ.P. 12(b)(2) all the way through 12(b)(7).

In brief, this action concerns allegations of child sexual abuse in Brazil from 2011 through 2012. Plaintiff brings this action under the newly enacted CPLR 208(b) which allows for

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/2025

suits to be brought until the victim reaches age 55. Complaint Par. 17. However, as discussed below, that change is prospective only, not retroactive.

I.     **Service is deficient**

Plaintiff specifically alleges that the Governing Body is "an unincorporated association" (Complaint Par. 13) but chose to serve it (Docket Entry 17) through the Secretary of State and by Mail, presumably following BCL 306. The Governing Body is not a corporation and is not registered with the Secretary of State. Therefore, this service is ineffective, meaning that Fed.R.Civ.P. 12(b)(2)(4) and (5) are all viable grounds for dismissal.

General Associations Law 13 mandates that service is to be made on a purported, unincorporated association[1] as if on a natural person, i.e. in hand. Nothing on the docket suggests that was done or attempted.

II.    **The case is untimely filed**

CPLR 208(b) is prospective only. The Second Circuit so ruled on June 16, 2025, in *Friedman v. Bartell* (copy attached).

III.   **Venue is improper**

We intend to move for forum non conveniens. All key witnesses identified by the Complaint are in Brazil, and this case should be heard in Brazil, assuming it is otherwise timely (we believe it is not).

IV.    **Other grounds for dismissal**

In violation of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) this complaint fails to plead a connection, except in the most conclusory fashion, between any act or omission of the Governing Body and the wrong. There is no specific allegation of prior notice of the propensities of either abuser Roviezzo or Batista by the Governing Body.

Moreover the "Governing Body is a small group of mature Christians who provide direction for Jehovah's Witnesses worldwide. Their work is twofold:

- They oversee the preparation of Bible-based instruction through the publications, meetings, and schools of Jehovah's Witnesses. —Luke 12:42.
- They supervise the worldwide work of Jehovah's Witnesses by directing our public ministry and overseeing the use of donated assets."

What Is the Governing Body of Jehovah's Witnesses? Current Member List and Helpers.

---

[1] We do not concede or believe the Governing Body is a jural entity at all. The motion to dismiss will not turn on such a question.

The First Amendment bars inquiry into purely religious function. *Serbian E. Orthodox Diocese v. Milivojevich,* 426 U.S. 696 (1976). Having failed to allege notice, it is hard to imagine what act or omission the Governing Body allegedly engaged in that would outside the scope of Frist Amendment protection. The Complaint, though lengthy, still fails to shed light on this issue.

**CONCLUSION**

We thank the Court for its kind attention to this submission. The undersigned is away on a prescheduled vacation from Christmas Day through December 30, 2025, but is otherwise available for a conference, whether in person or remote.

        KERLEY, WALSH, MATERA & CINQUEMANI, P.C.

*Carl Schaerf*

By: Carl J. Schaerf, Esq. (CS 5031)
*Attorneys for* The Governing Body of Jehovah's Witnesses
CSchaerf@kerleywalsh.com

Dated: December 11, 2025

**cc: All appearing counsel by ECF**

**ROBERT JOSEPH FRIEDMAN, Plaintiff-Appellant,**

v.

**DR. ABRAHAM BARTELL, UNITED JEWISH FEDERATION OF NEW YORK, Defendants-Appellees,**
**HARVEY BACHMAN, Defendant.**

No. 24-756-cv.

United States Court of Appeals, Second Circuit.

June 16, 2025.

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

ROBERT FRIEDMAN, *pro se,* Columbus, OH, FOR PLAINTIFF-APPELLANT.

LEWIS A. BARTELL, Law Office, of Lewis A. Bartell, Old, Westbury, NY, FOR DEFENDANT-APPELLEE DR. ABRAHAM BARTELL.

LEILA CARDO, Gallo Vitucci Klar LLP, New York, NY, FOR DEFENDANT-APPELLEE UNITED JEWISH FEDERATION OF NEW YORK.

PRESENT: RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, MYRNA PÉREZ, *Circuit Judges.*

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Robert Friedman, proceeding *pro se,* appeals from a March 12, 2024 judgment of the United States District Court for the Southern District of New York (Halpern, *J.*) dismissing as time barred his claims arising from incidents that allegedly occurred at a summer camp in 1982. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)." *Vaughn v. Phoenix House N.Y. Inc.,* 957 F.3d 141, 145 (2d Cir. 2020) (quotation marks omitted). Dismissal on statute-of-limitations grounds is appropriate at the pleading stage "if [the] complaint clearly shows the claim is out of time." *Whiteside v. Hover-Davis, Inc.,* 995 F.3d 315, 319 (2d Cir. 2021) (quotation marks omitted). Because Friedman proceeds *pro se,* we liberally construe his submissions, interpreting them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.,* 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks omitted).

The incidents underlying Friedman's claims took place in New York State in 1982, when Friedman was thirteen years old. Liberally construed, his complaint asserts claims under New York law for assault, battery, and negligence. *See Friedman v. Bartell,* 22-CV-7630, 2024 WL 1076736, at *2-3 (S.D.N.Y. Mar. 12, 2024). Under New York law, the statute of limitations on claims for assault and battery is one year. N.Y. C.P.L.R. § 215(3); *see Potter v. Zucker Hillside Hosp.,* 110 N.Y.S.3d 142, 144 (2d Dep't 2019). The statute of limitations on negligence claims is three years. N.Y. C.P.L.R. § 214(5); *see Cruz v. Guaba,* 210 N.Y.S.3d 425, 426 (2d Dep't 2024). Both statutes of limitations are tolled until a plaintiff turns eighteen. N.Y. C.P.L.R. § 208(a); *see Marino v. Weiler,* 197 N.Y.S.3d 648, 649 (4th Dep't 2023). Friedman turned eighteen in August 1986, but did not file this action until September 6, 2022. The district court therefore held — and we agree — that the ordinary one-year

limitations period for his intentional tort claims ran in August 1987, and the ordinary three-year limitations period for his negligence claims ran in August 1989.

On appeal, Friedman contends that his claims were not time barred because, he asserts, the New York Child Victims Act (CVA) allowed him to file the claims at any point before he turned fifty-five. Assuming without deciding that his claims fall within the scope of the CVA, we disagree. "In 2019, the New York State legislature enacted the [CVA] to provide a pathway for redress to childhood victims of sexual abuse." *Doe v. Wilhelmina Models, Inc.,* 212 N.Y.S.3d 613, 615 (1st Dep't 2024). Among other things, the CVA "amended the Civil Practice Law and Rules to permit revival of civil claims stemming from the commission of sexual offenses against children." *Id.* at 616; *see* N.Y. C.P.L.R. § 214-g; *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.,* 96 F.4th 539, 541 (2d Cir. 2024). That revival window, however, closed no later than March 30, 2022, five months before Friedman filed suit. *See Bethea v. Child.'s Vill.,* 206 N.Y.S.3d 182, 183 (2d Dep't 2024) (applying tolling from COVID-19 executive orders to revived claim); *McLaughlin v. Snowlift, Inc.,* 185 N.Y.S.3d 212, 214 (2d Dep't 2023) (same).

Friedman relies in the alternative on another section of the CVA that provides that an action based on certain sexual offenses "committed against such person who was less than eighteen years of age" may be commenced "on or before the plaintiff . . . reaches the age of fifty-five years." N.Y. C.P.L.R. § 208(b). But that provision applies only prospectively, after the enactment of the CVA, and is thus inapplicable to Friedman's claims, which accrued decades before the enactment of the CVA. *See DiSalvo v. Wayland-Cohocton Cent. Sch. Dist.,* 193 N.Y.S.3d 786, 789 (4th Dep't 2023); *Doe,* 212 N.Y.S.3d at 625; *see also Regina Metro. Co. v. N.Y. State Div. of Hous. & Cmty. Renewal,* 35 N.Y.3d 332, 371 (2020) ("[I]t is a bedrock rule of law that, absent an unambiguous statement of legislative intent, statutes that revive time-barred claims if applied retroactively will not be construed to have that effect."). Because Friedman did not file this action within the CVA's revival window, the District Court correctly dismissed Friedman's claims as time barred.

We have considered Friedman's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.