Case 7:25-cv-09458-NSR   Document 29   Filed 12/19/25   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **12/19/2025**

# MCLAUGHLIN & STERN, LLP
**FOUNDED 1898**

| | | |
|---|---|---|
| **JASON S. GIAIMO**<br>Partner<br>jgiaimo@mclaughlinstern.com<br>(212) 448-1100 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX (212) 448–0066<br>www.mclaughlinstern.com | WESTFIELD, NEW JERSEY<br>MILLBROOK, NEW YORK<br>GARDEN CITY, NEW YORK<br>WESTPORT, CONNECTICUT<br>WEST PALM BEACH, FLORIDA<br>NAPLES, FLORIDA |

December 18, 2025

**MEMO ENDORSED**
(see p. 5)

**VIA ECF**
The Honorable Nelson S. Román
Judge of the United States District Court
For the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:   *Stella Cristina Gomes de Sousa v.*
             *Watchtower Bible and Tract Society of Pennsylvania, Inc., et al.*
             Case No.: 7-25-cv-09458-NSR

Dear Judge Román:

     We represent Plaintiff Stella Cristina Gomes de Souza ("Ms. Souza" or "Plaintiff") in the above-captioned matter. We write pursuant to Rule 3(A) of Your Honor's Individual Practice Rules and in response to the letter motions of Defendant Governing Body of Jehovah's Witnesses (the "Governing Body") (Dkt. No. 19) and Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY") (Dkt. No. 21), each of which requests a pre-motion conference in connection with their anticipated motions to dismiss the Complaint. For the reasons set forth herein, both the Governing Body's and WTNY's anticipated motions to dismiss are baseless and leave to move to dismiss should be denied.

    **A.**    **Brief Relevant Background**

     Ms. Souza commenced this action seeking redress for the repeated rapes, sexual assault, and sexual battery she endured as a minor at the hands of Angelo Roviezzo ("Roviezzo"), then a Circuit Overseer for Jehovah's Witnesses and senior minister entrusted with supervising multiple congregations, and Defendants' gross negligence and intentional cover-up of Roviezzo's heinous crimes. *See generally*, Dkt. No. 9.[1] As further alleged in the Complaint, Roviezzo abused his authority and trust to isolate, groom, and control Ms. Souza, subjecting her to ongoing sexual violence, including raping her on a weekly basis. *See id.* at ¶¶ 2-3. The harm Ms. Souza suffered was compounded by an organization-wide cover-up directed by the leadership of Jehovah's Witnesses. *See id.* at ¶ 5. Among other things, despite receiving multiple reports and letters disclosing the abuse—including written pleas to Elders, Circuit Overseers, and the Brazilian Branch Office—and despite that the abuse was readily apparent, Defendants in both Brazil and

---

[1]     Unless otherwise defined, all capitalized terms used herein shall have the same meaning as used in the Complaint.

MCLAUGHLIN & STERN, LLP

Hon. Nelson S. Román
December 18, 2025
Page 2

New York failed to alert authorities or otherwise intervene. *See id.* Instead, they silenced Ms. Souza, punished her for "misconduct," and transferred Roviezzo to another congregation—actions which were orchestrated by Defendants in New York. *See id.*

Now, in response to the Complaint, the Governing Body and WTNY seek dismissal of Plaintiffs' claims, asserting a laundry-list of meritless arguments.

### B.     The Governing Body's Anticipated Motion to Dismiss is Baseless

#### 1. Plaintiff's Claims are Timely

The Governing Body principally argues that Plaintiff's claims are time barred based solely on its contention that CPLR 208(b)—which extends the statute of limitations for minor victims of sexual offenses until they reach the age of 55—is prospective only. *See* Dkt. No. 19. The Governing Body, however, overlooks or ignores that the statute of limitations in this action should be equitably tolled as a result of the prolonged childhood sexual abuse, coercive authority, and severe psychological trauma perpetrated by Defendants on Plaintiff.

Indeed, courts in this Circuit have repeatedly held that the statute of limitations may be equitably tolled where extraordinary circumstances plausibly impede timely filing and the plaintiff acted with reasonable diligence once able to do so. *See Doe v. United States*, 76 F.4th 64 (2d Cir. 2023); *see also Smalls v. Collins*, 10 F.4th 117, 143 (2d Cir. 2021). Years of sexual abuse, institutional control, and enduring psychological harm have repeatedly been found to constitute extraordinary circumstances warranting equitable tolling. *See, e.g.*, *Doe*, 76 F.4th at 71-72 (holding that allegations of years of sexual abuse and coercive psychological control by an authority figure may satisfy the extraordinary circumstances and diligence requirements for equitable tolling); *Doe v. Warren*, 2024 U.S. Dist. LEXIS 106767, at *11–12 (S.D.N.Y. 2024) (applying equitable tolling where the plaintiff alleged that trauma, fear, and coercive power dynamics delayed her ability to bring claims arising from sexual abuse and trafficking, emphasizing that tolling is warranted where "psychological trauma, fear, and coercive power dynamics prevent victims from coming forward."); *Davis v. Jackson*, 2016 U.S. Dist. LEXIS 136034, at *35–36 (S.D.N.Y. Sept. 30, 2016) (equitable tolling appropriate where plaintiffs allege specific facts demonstrating that fear of retaliation arising from institutional authority reasonably impeded timely filing). Other courts across the country are in accord. *See, e.g.*, *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (holding that "the psychological effects of sexual abuse can themselves be extraordinary circumstances that prevent timely filing"); *Kennedy v. Berkel & Co.*, 319 F. Supp. 3d 236, 259 (D.D.C. 2018) (holding that "[t]rauma and fear resulting from sexual assault can impede a victim's ability to file suit"); *Jane W. v. Thomas*, 354 F. Supp. 3d 630, 640 (E.D. Pa. 2018) (holding that equitable tolling is appropriate where "the existence of a justifiable fear of violent reprisal by potential defendants or their allies" reasonably delays filing).

Self-evidently, the allegations in the Complaint demonstrate extraordinary circumstances warranting equitable tolling. To wit, Ms. Souza alleges prolonged childhood sexual abuse by a senior religious authority figure, Defendants' knowledge and retaliatory response, Plaintiff's fear

**McLaughlin & Stern, LLP**

Hon. Nelson S. Román
December 18, 2025
Page 3

of further retaliation and abuse, and resulting severe psychological injuries—including PTSD and numerous suicide attempts—that impaired her ability to disclose the abuse or pursue legal remedies. *See* Dkt. No. 9 at ¶¶ 1-9. The Complaint further alleges that her trauma persists to this day, culminating in a suicide attempt just one month before this action was commenced. *See id.* at ¶ 146. It would be difficult to imagine a set of circumstances any more extraordinary than those presented here. And despite the ongoing significant emotional distress caused by Defendants' unlawful acts, Plaintiff acted with diligence in commencing this action as soon as she was physically and emotionally capable of doing so.

At minimum, the Complaint raises fact-intensive questions concerning extraordinary circumstances and reasonable diligence that cannot be resolved on the pleadings. The Governing Body's statute of limitations argument, therefore, provides no basis for pre-discovery dismissal.

### 2. Service of Process Was Proper

Next, the Governing Body argues that dismissal is necessary because service of process was deficient, proclaiming that as an "unincorporated association," service of process through the Secretary of State was improper. The Governing Body, however, overlooks that Plaintiff made good-faith efforts to effectuate personal service by attempting service at Defendants' facility on November 21, 2025. That effort was thwarted when gate security denied access and refused to permit service on any officer or agent authorized to accept process. After the Governing Body refused to permit personal service, Plaintiff promptly employed an alternative method of service reasonably calculated to provide notice. In fact, the Governing Body indisputably received notice of this action, retained counsel, and submitted the letter presently before the Court, all before its time to answer the Complaint. The Governing Body, therefore, fails to identify any prejudice arising from the manner of service and the Court should treat service via the New York Secretary of State as an appropriate alternate method of service *nunc pro tunc*. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Mtonave etc.*, 816 F. Supp. 930, 933-934 (S.D.N.Y. 1993) (holding that further service would be a "burdensome and meaningless ritual," such that an order approving substituted service in the manner served *nunc pro tunc* was appropriate).

And even assuming *arguendo* that the Court were to conclude that service was technically deficient, dismissal would be inappropriate. The proper remedy is leave to re-serve or amend, not dismissal. *See Formula One Constructors Asso. v. Watkins Glen Grand Prix Corp,*, 110 Misc. 3d 247, 248 (Sup. Ct. Schuyler Cty. 1981). Any such re-service could be accomplished promptly, and the Governing Body's counsel can readily accept service.

### 3. Venue is Proper

The Governing Body also argues that the case should be dismissed on the basis of *forum non conveniens*, claiming that "[a]ll key witnesses identified in the Complaint are in Brazil." Not so.

**McLaughlin & Stern, LLP**

Hon. Nelson S. Román
December 18, 2025
Page 4

As an initial matter, venue is proper in this District because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in New York, including the Governing Body's receipt of reports of abuse and their institutional response. *See* 28 U.S.C. § 1391. Moreover, one of the critical factors in evaluating a motion to dismiss on the basis of *forum non conveniens* is the need to sue in a place where the defendant is amenable to suit. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72-73 (2d Cir. 2001). Plaintiff "should not be compelled to mount a suit in [another forum] where she cannot be sure of perfecting jurisdiction over the defendant . . . ." *Id.* at 73. Other factors include the relative ease of access to sources of proof, availability of compulsory process for attendance of witnesses, and other practical concerns that make trial of a case easy, expeditious, and inexpensive. *See id.* at 73-74.

Here, contrary to the Governing Body's self-serving contention, numerous witnesses are present in this District, including the individuals who received notice of Plaintiff's claims and orchestrated a cover-up designed to prevent the public from learning of the significant abuse perpetrated against Plaintiff. As alleged in the Complaint, upon learning of Roviezzo's crimes, the Governing Body (and the other Defendants) silenced Ms. Souza and transferred Roviezzo to another congregation—actions which could only be taken by Defendants' New York headquarters, which exercises centralized authority over all ministerial appointments, removals, and reassignments worldwide. *See* Dkt. No. 9 at ¶¶ 5, 7, 12-14, 41. The Governing Body (and the other Defendants) were aware of Roviezzo's unlawful conduct and actively directed the concealment of his misconduct to the severe detriment of Plaintiff. Thus, New York is an appropriate forum.

Accordingly, given that numerous relevant witnesses are located in this District and the significant public policy considerations that favor venue in this District, the Court should give deference to Plaintiff's chosen forum, particularly in the absence of any evidence of forum shopping, and deny any anticipated motion on this basis. *See id.* at 75.

### 4. **Plaintiff Plausibly States Facts Supporting Claims Against the Governing Body**

Finally, the Governing Body argues that dismissal is appropriate because the Complaint purportedly fails to plead a connection "between any act or omission of the Governing Body and the wrong." This is a gross misreading of the Complaint. In truth, the Complaint alleges in detail the numerous acts and omissions of the Governing Body, including its concerted efforts to cover-up Roviezzo's heinous crimes and its utter failure to exercise reasonable care to protect Plaintiff from the sexual abuse of its members. Such allegations undoubtedly plausibly state viable claims for relief.

For these reasons, the Governing Body's anticipated motion to dismiss should be denied in its entirety.

M<small>C</small>L<small>AUGHLIN</small> & S<small>TERN</small>, LLP

Hon. Nelson S. Román
December 18, 2025
Page 5

### C. WTNY's Anticipated Motion to Dismiss is Baseless

Like the Governing Body, WTNY argues that dismissal is warranted on the basis that Plaintiff's claims are time barred and because New York is an inconvenient forum to adjudicate Plaintiff's claims. Each of these arguments are addressed above and incorporated herein by reference as applicable to WTNY.

For the foregoing reasons, the Governing Body's and WTNY's request for a pre-motion conference should be denied. Their anticipated motions rely on mischaracterizations of the allegations in the Complaint and fact-based defenses that cannot be resolved at the pleading stage. The action should proceed in the ordinary course.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

*/s/ Jason S. Giaimo*
Jason S. Giaimo

**The Court waives the pre-motion conference requirement and sets the following motions to dismiss briefing schedule: (1) Defendants' moving papers are to be served (not filed) on or before January 21, 2026; (2) Plaintiff's opposition papers are to be served (not filed) on or before February 24, 2026; (3) Defendants' reply papers are to be served and filed on or before March 10, 2026. All moving papers (for all parties) are to be filed by Defendants' reply date, March 10, 2026. The parties shall mail two courtesy copies to chambers of their respective papers as they are served and provide an electronic copy of all motion papers by email to chambers as soon as practicable after filing. The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 19 and 21.**

**Dated: December 19, 2025
White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

5