UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STELLA CRISTINA GOMES DE SOUZA,<br><br>                 Plaintiff,<br><br>-against-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.;<br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.; and<br>THE GOVERNING BODY OF JEHOVAH'S WITNESSES,<br><br>                 Defendants. | Case No.: 7-25-cv-09458-NSR<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND THE COMPLAINT AND STAY BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS** |

Plaintiff Stella Cristina Gomes de Souza ("Plaintiff") respectfully submits this memorandum of law in support of Plaintiff's motion for leave to file a First Amended Complaint ("FAC") and stay the briefing schedule on the motions to dismiss of Defendants Watchtower Bible and Tract Society of Pennsylvania, Inc., Watchtower Bible and Tract Society of New York, Inc., and the Governing Body of Jehovah's Witnesses (collectively "Defendants") pending resolution of Plaintiff's motion for leave to amend.[1]

## PRELIMINARY STATEMENT

Plaintiff commenced this action seeking redress for the sexual assault, rape, and abuse she suffered at the hands of a Circuit Overseer within the Jehovah's Witnesses organization while a minor, and Defendants' institutional conduct that enabled such abuse. *See* Dkt. No. 9. In response, Defendants served their respective motions dismiss the Complaint, principally arguing that Plaintiff's claims were barred by the statute of limitations and otherwise failed to state a claim.

---

[1] Plaintiff's proposed FAC is attached to the accompanying Declaration of Jason S. Giaimo dated February 23, 2026 ("Giaimo Dec.") in a clean version and a redlined version reflecting the changes to the operative Complaint as Exhibits 1 and 2, respectively.

On February 13, 2026—a mere 23 days after receipt of Defendants' motions to dismiss—and before Plaintiff's deadline to oppose Defendants' motions to dismiss, Plaintiff notified the Court of her intention to amend the Complaint as a of right pursuant to Federal Rule of Civil Procedure 15(a)(1). *See* Dkt. No. 37. The Court ruled that amendment as of right under Rule 15(a)(1) was untimely because more than 21 days had elapsed since service of the motion to dismiss. *See* Dkt. No. 39. Critically, Plaintiff did not seek formal leave to amend her Complaint in her February 13th correspondence, and, accordingly, the Court did not address whether amendment would be appropriate under Rule 15(a)(2). After Defendants refused to stipulate to the filing of the FAC, Plaintiff now formally seeks such leave and to stay the briefing schedule on Defendants' pending motions to dismiss until resolution of this motion.

Consistent with the liberal policies favoring leave to amend, Plaintiff's motion should be granted. As an initial matter, Plaintiff's proposed FAC is not futile. Since Plaintiff commenced this action, the New York Legislature amended the New York Gender-Motivated Violence Act ("GMVA") to provide survivors of gender-motivated violence 18 months to bring a civil suit against individuals and institutions that facilitated such abuse provided the abuse occurred prior to January 9, 2022. In other words, the GMVA was amended to provide a new revival period for claims that accrued prior to January 9, 2022. Accordingly, Plaintiff's proposed FAC seeks to add a cause of action under the GMVA, which is undoubtedly timely, and obviates the principal basis underlying Defendants' motions to dismiss. *See* Giaimo Dec., Exs. 1-2.

Additionally, Plaintiff's proposed FAC further expands upon the allegations in the original Complaint, including detailed allegations supporting the exercise of jurisdiction by this Court, including Defendants' knowledge of Angelo Roveizzo's propensity to commit sexual assault and the cover-up perpetrated by Defendants from their New York headquarters. Moreover, in an effort to streamline the proceedings and further undercutting Defendants' motions to dismiss, Plaintiff's

2

proposed FAC also foregoes claims for sexual assault, sexual battery, respondent superior/vicarious liability, and false imprisonment. Self-evidently, the FAC readily satisfies the low futility threshold.

Critically, moreover, granting leave will not prejudice Defendants. This case is in its infancy. Discovery has not commenced, and no trial date is scheduled. Moreover, the amendment does not introduce any unrelated factual theory or fundamentally alter the nature of the case. Rather, it adds a statutory claim under the GMVA, removes certain other causes of action, and bolsters allegations concerning Defendants' New York conduct in direct response to arguments Defendants themselves raised. Defendants will not be required to redo discovery, expend significant additional resources, or alter any trial preparation—because none of those stages have begun.

Finally, permitting amendment at this juncture promotes judicial economy. Requiring Plaintiff to brief Defendants' motions to dismiss directed at the very pleading that she seeks to supplement risks duplicative motion practice and piecemeal adjudication. If leave is granted, Defendants will have the opportunity to respond to a single, comprehensive operative complaint, and the Court will adjudicate dispositive issues once, on a complete pleading. Moreover, this is Plaintiff's first request for leave to amend under Rule 15(a)(2). Plaintiff has not engaged in repeated amendment, dilatory conduct, or bad faith motion practice. She promptly sought amendment in response to Defendants' motion to dismiss and before the commencement of discovery. This case presents precisely the circumstance in which Rule 15(a)(2)'s liberal standard is intended to apply.

Accordingly, as further set forth herein, Plaintiff respectfully requests that her motion be granted in its entirety.

**FACTS RELEVANT TO THIS MOTION**

Plaintiff commenced this action on November 19, 2025 alleging that while a minor and a member of the Jehovah's Witnesses faith, she was subjected to repeated sexual abuse by a Jehovah's Witnesses Circuit Overseer who held a position of authority within her congregation. *See* Dkt. No. 9. Plaintiff further alleges that the harm she suffered was compounded by an organization-wide cover-up directed by the leadership of Jehovah's Witnesses based in New York. *See id.* at ¶ 5. In response to the Complaint, Defendants sought leave to move to dismiss. *See* Dkt. Nos. 28, 31.

On December 19, 2025, the Court set a briefing schedule for Defendants' anticipated motion to dismiss. *See* Dkt. No. 29. Pursuant to that schedule, Defendants served their motion to dismiss on January 21, 2026. *See* Giaimo Dec. at ¶ 3. Among other arguments, Defendants primarily contend that Plaintiff's claims are barred by the statute of limitations and challenge the sufficiency of Plaintiff's factual allegations.

On February 13, 2026, prior to filing opposition papers, Plaintiff notified the Court of her intent to amend the Complaint as of right pursuant to Rule 15(a)(1). *See* Dkt. No. 37. On February 17, 2026, the Court held that amendment as of right under Rule 15(a)(1) was untimely as more than 21 days elapsed since Defendants served their motions to dismiss. *See* Dkt. No. 39. The Court did not address whether amendment should be permitted under Rule 15(a)(2) as Plaintiff did not seek leave pursuant to that Rule prior to this motion. *See id.*

Prior to the filing of this motion, Plaintiff requested Defendants' consent to file the proposed FAC, which Defendants refused. *See* Giaimo Dec. at ¶ 6.

**STANDARD ON THIS MOTION**

Federal Rule of Civil Procedure 15(a)(2) provides that once the period for amendment as of right has expired, "a party may amend its pleading only with the opposing party's written

4

consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is well-settled that this standard is liberal, and that leave should be granted absent a substantial reason to deny it. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend should be freely given); *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (stating that leave to amend should be denied only for "good reason," such as futility, bad faith, undue delay, or prejudice); *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) (recognizing Rule 15(a)'s "liberal spirit" and holding that amendment should be permitted in the absence of undue prejudice).

Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground. *See Adams v. 796-798 Ninth Successor LLC*, 2025 U.S. Dist. LEXIS 149695, at *1 (S.D.N.Y. Aug. 4, 2025). Leave to amend should be freely given absent undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *See id.* at *1-2; *see also Foman*, 371 U.S. at 182. Under Rule 15(a)(2), denial of leave is the exception, not the rule, and the burden rests on the opposing party to demonstrate a substantial reason to deny amendment. *See Foman*, 371 U.S. at 182. When a plaintiff seeks to amend the complaint while a motion to dismiss is pending, the preferred route is to grant leave to amend even if doing so renders the motion to dismiss moot. *See Adams*, 2025 U.S. Dist. LEXIS 149695 at *2.

## ARGUMENT

### I. PLAINTIFF SHOULD BE GIVEN LEAVE TO FILE HER PROPOSED FAC

As further set forth herein, Plaintiff should be granted leave to amend her Complaint as the proposed amendment is not futile; there is no undue delay, bad faith, or dilatory motive;

Defendants would not be prejudiced by the filing of the FAC; and the balance of equities favor amendment.

### A. The Proposed FAC is Not Futile

While Plaintiff firmly believes that her original Complaint was adequately pled and would have survived Defendants' motions to dismiss, even a cursory review of the proposed FAC confirms that the proposed amendment is not futile such that leave to amend should be granted.

In evaluating futility, courts employ the same plausibility standard utilized in evaluating a motion to dismiss under Rule 12(b)(6). *See Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017); *Foman*, 371 U.S. at 182. Courts are particularly reluctant to deny leave where the viability of a claim turns on statutory interpretation, timeliness, or other legal questions intertwined with the merits. *See Loreley*, 797 F.3d at 190. In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis when these arguments are better suited for consideration in the context of a motion to dismiss. *See Adams*, 2025 U.S. Dist. LEXIS 149695 at *3.

Here, the proposed FAC is not futile as it merely seeks to add a cause of action under the GMVA, which is undoubtedly timely as a result of the New York Legislature's recent amendment providing minor victims of gender-motivated violence with an 18-month revival period for claims that accrued prior to January 9, 2022. *See* New York City Bill 1297-A; *see* Giaimo Dec., Exs. 1-2. In addition, the proposed FAC further supplements the factual allegations in the original pleading, including adding detailed factual allegations confirming that Defendants knew or should have known of Roviezzo's propensity to commit sexual assault, failed to take appropriate remedial action, and worse yet, engaged in an organization-wide cover-up directed from their New York headquarters. *See* Giaimo Dec., Exs. 1-2. Furthermore, in an effort to streamline the proceedings, the proposed FAC does not assert claims for sexual assault, sexual battery, respondeat superior or

6

false imprisonment, thereby completely removing one of the primary arguments raised by Defendants in their motions to dismiss.

This Court's decision in *Poppel v. Rockefeller Univ. Hosp.*, 2019 U.S. Dist. LEXIS 124570, at *8 (S.D.N.Y. July 25, 2019) is particularly instructive to Plaintiff's motion. There, the plaintiff commenced the underlying action in February 2019 and noted his intention to file an amended complaint to assert claims under the Child Victim's Act ("CVA") on August 14, 2019, which is the date the window opened under the CVA to file revived claims. The court permitted the plaintiff to file an amended complaint to assert a claim under the CVA, which could not have been asserted when the plaintiff originally commenced the action. *See id.*

Here, just like in *Poppel*, Plaintiff seeks leave to add a claim under the GMVA, which Plaintiff could not have asserted at the time she originally commenced the action. Accepting the well-pleaded factual allegations in FAC as true and drawing all reasonable inferences in favor of Plaintiff (as the Court must in deciding futility), the FAC undoubtedly plausibly states a claim for relief such that the proposed amendment is not futile. *See Pasternack*, 863 F.3d at 174 (dismissal on futility grounds is appropriate only when the proposed pleading is clearly insufficient as a matter of law).[2]

### B. There Has Been No Undue Delay, Bad Faith, or Dilatory Motive

Plaintiff's motion for leave to amend should be granted for the additional reason that Plaintiff has not engaged in any undue delay, bad faith, or dilatory motive. To the contrary, Plaintiff initially informed the Court of her intent to file an amended pleading as of right. Recognizing that the Court held that Plaintiff could no longer do so as of right, Plaintiff promptly

---

[2] To the extent Defendants dispute the applicability of New York law, the scope of the GMVA, or timeliness, those are merits arguments that should be addressed through motion practice directed at the operative complaint, not preemptively through denial of leave. *See Adams*, 2025 U.S. Dist. LEXIS 149695 at *3-4.

filed the instant application seeking leave to amend, all before Plaintiff's deadline to oppose Defendants' motions to dismiss and well before discovery commenced.

Courts routinely grant leave where amendment is sought at the outset of litigation in response to motion practice and have cautioned that denial of leave at the outset of litigation is disfavored, particularly where a plaintiff seeks leave to refine or supplement allegations in response to arguments raised in a motion to dismiss. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (error to deny leave before plaintiffs had opportunity to amend in light of court's concerns); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (no undue delay where amendment sought before trial preparation). That is precisely what Plaintiff is doing here.

Moreover, this is Plaintiff's first application for leave to amend pursuant to Rule 15(a)(2). There is no repeated failure to cure deficiencies. There is no indication of bad faith. There is no dilatory motive. The procedural posture reflects diligence, not delay. This factor weighs strongly in favor of amendment.

C. **Defendants Will Not Suffer Undue Prejudice**

Leave to amend should further be granted because Defendants will not suffer any prejudice if the motion is granted. Prejudice is construed narrowly: it exists only where amendment would require significant additional discovery, delay resolution of the dispute, or fundamentally alter the nature of the litigation. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). None of those circumstances is present.

This case remains at the pleading stage. No discovery has occurred, no Rule 16 conference has been held, no scheduling order governing discovery has issued, no depositions have been taken, let alone scheduled, and no trial date has been set. *See* Giaimo Dec. at ¶ 7. Moreover, the proposed FAC does not introduce unrelated factual allegations or expand the litigation into new

8

subject matter. It arises from the same nucleus of operative facts and adds a statutory claim based on the same underlying conduct. Under these circumstances, there can be prejudice to Defendants if the motion is granted. *See, e.g.*, *Adams*, 2025 U.S. Dist. LEXIS 149695 at *3 (granting motion for leave to amend after defendants filed a motion to dismiss, reasoning that "any prejudice to Defendants from permitting amendment at this early stage in the litigation is minimal"); *Joint Stock Co. v. Infomir LLC*, 2017 U.S. Dist. LEXIS 50723, at *1 (S.D.N.Y. Mar. 27, 2017) (no prejudice "because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been scheduled, and no discovery deadlines have been established").

### D. Judicial Economy and the Equities Favor Amendment

Finally, judicial economy and the equities favor granting Plaintiff's motion for leave to amend. When a plaintiff seeks leave to file an amended complaint while a motion to dismiss is pending, courts recognize that permitting amendment promotes efficiency by ensuring that dispositive issues are addressed once against the operative pleading. *See Adams*, 2025 U.S. Dist. LEXIS 149695 at *3-4; *Walston v. City of New York*, 2023 U.S. Dist. LEXIS 87754, at *5-6 (S.D.N.Y. May 19, 2023); *Pujals v. BDO USA, P.C.*, 2025 U.S. Dist. LEXIS 180732, at *11-13 (S.D.N.Y. Sept. 15, 2025). Particularly where, as here, the proposed amendment responds directly to arguments raised in a pending motion to dismiss, permitting amendment promotes clarity in the issues before the Court and avoids piecemeal litigation. *See Walston*, 2023 U.S. Dist. LEXIS 87754 at *5-6; *Pujals*, 2025 U.S. Dist. LEXIS 180732 at *11-13.

Just like in the foregoing, the equitable considerations underlying Rule 15(a)(2) strongly favor amendment here.

9

## II. THE COURT SHOULD STAY BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS PENDING RESOLUTION OF THIS MOTION

When a plaintiff seeks leave to amend his complaint while a motion to dismiss, "the court . . . has a variety of ways in which it may deal with the pending motion [to dismiss]," including staying briefing on the motion pending resolution of the motion to dismiss. *See Rheaume v. Pallito*, 2015 U.S. Dist. LEXIS 156517, at *5 (D. Vt. Oct. 22, 2015); *Poppel*, 2019 U.S. Dist. LEXIS 124570 at *8 (granting stay of proceedings pending plaintiff's filing of an amended complaint to assert claims under the Child Victim's Act); *Neuman v. Garcia*, 20-cv-10723-PKC, Dkt. No. 80 (S.D.N.Y. Jan. 18, 2022) (granting plaintiff leave to file a third amended complaint and staying briefing on the pending motion to dismiss); *Walston*, 2023 U.S. Dist. LEXIS 87754, at *5-6 ("As to judicial economy, the Court finds that it will actually promote judicial economy to have the clarity afforded by a new set of briefing that cleanly addresses the Amended Complaint").

Accordingly, the Court should stay the briefing on Defendants' motions to dismiss until resolution of this motion. If the Court grants Plaintiff's motion for leave to amend—which it should—the Court can either permit Defendants to file a new motion to dismiss or treat their pending motions to dismiss as applicable to the FAC. *See Adams*, 2025 U.S. Dist. LEXIS 149695 at *2-3. Defendants will not be prejudiced if a brief stay is granted as no discovery schedule will be disrupted, no trial date will be affected, and no substantive rights will be impaired. Rather, a temporary stay will promote orderly motion practice and conserve the resources of the parties and the Court.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that her motion be granted in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 23, 2026

McLAUGHLIN & STERN, LLP

By: _____
    Brett R. Gallaway
    Jason S. Giaimo
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
bgallaway@mclaughlinstern.com
jgiaimo@mclaughlinstern.com
*Attorneys for Plaintiff*