```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/24/2026
```

# KERLEY, WALSH, MATERA & CIN

BRIAN P. KERLEY
JEFFREY G. WALSH
ROSEMARY CINQUEMANI
GLENN J. MATERA
JEFFREY M. Di LUCCIO
PATRICK J. SHELLEY
STEPHEN E. RACH II
ROBERT K. LAPPING
TIMOTHY M. SHELLEY
KERRI E. LEVY
MICHAEL JANES
HEATHER L. AQUINO**
BRETT J. MILGRIM
ARGIRO DRAKOS
STEPHANIE A. JOHNSTON
CARL J. SCHAERF**
CAROL N. KOTSINIS**
GARY N. SMITH***
STEVEN J. KIM*

2174 JACKSON AVENUE
SEAFORD, NEW YORK 11783
(516) 409-6200
FAX (516) 409-8288

———

200 SHEFFIELD STREET, SUITE 208
MOUNTAINSIDE, NEW JERSEY 07092

555 FIFTH AVENUE, 14TH FLOOR
NEW YORK, NY 10017

*REMIT ALL RESPONSES TO THE
SEAFORD OFFICE

**JONATHAN R. JANOFSKY
MICHAEL A. GRAZIO
ROBERT O. PRITCHARD
VANESSA M. COSTANTINO
ZACHARY S. GOLDMAN
*MORGAN J. WILLIAMS

OF COUNSEL

KATHLEEN LINDSAY, R.N.
*THOMAS J. DECKER
KRISTEN SPOEREL

*Admitted in NJ
**Admitted in NY and NJ
***Admitted in NY, NJ and PA

**MEMO ENDORSED**

February 24, 2026

<u>Via ECF</u>

The Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**The Parties are directed to appear for a status teleconference on Friday, February 27, 2026, at 3:45 p.m. To access the teleconference: (1) Dial the Meeting Number: 855-244-8681; (2) Enter the Access Code: 2310 494 3855 # and (3) Press # again to enter the teleconference. The Clerk of Court is directed to terminate the motion at ECF No. 41.**

**Dated: February 24, 2026
White Plains, New York**

SO ORDERED:
*/s/ Nelson S. Roman*
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Re: STELLA CRISTINA GOMES DE SOUZA v. WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.

 Civil Action No. 7:25-cv-09458-NSR/ Our file: 27208

Dear Judge Roman:

  Our firm represents the individual members of the Governing Body of Jehovah's Witnesses ("Governing Body") in the captioned matter.

  We were surprised to receive plaintiff's motion to amend yesterday.  No leave had been sought to make such a motion as required by your individual rules of practice, specifically 3(A)(ii).  Plaintiff's counsel knows of the pre-motion conference requirement, as well as the Court's denial of the amendment as of right.  ECF 37-39.

  We have yet to receive opposition to our pending motion to dismiss which is due.  The application for a stay, in a motion not sanctioned to be filed (and no motions are to be filed under the Court rules whatsoever, they are to be served), suggests we aren't receiving opposition.  Plaintiff did not request an extension from my firm, co-defendant's firm or from this Court.

We do not believe the proposed amendment to be meritorious. That is why we declined to consent to leave to amend. If the Court wishes to schedule a conference, which has not been requested by the movant, we can explain lack of merit at that time. If we have to respond to this unsanctioned motion to amend, we will assuredly address futility in opposition to that motion. The proposed amendment does not meaningfully cure the deficiencies we raised. Neither pleading, and only the original Complaint is before this Court, should survive a motion to dismiss.

There are many arguments for futility, and it is not my intention to catalog them in a letter. However, on our underlying motion we argued on page 9 that CPLR 214-g occupies the field, and, indeed, Judge Kaplan has previously so ruled with respect to the VGMVPL. *Parker v. Alexander*, 779 F.Supp.3d 361 (S.D.N.Y. 2025). We have numerous other arguments focused on the paucity of facts in the amended pleading, but this argument was expressly raised previously and is neither referenced nor cured by this proposed amendment.

We request any of these three options:

1. A ruling barring the amended complaint; or
2. A conference addressing same; or
3. A briefing schedule on the motion to amend.

We also need an amendment to the briefing schedule on the motion to dismiss, unless the Court intends to grant it as unopposed.

The Federal and Court rules promote efficiency. They are mandatory, not optional, but for reasons unexplained plaintiff has not followed the rules, mandating this application.

Thank you for your kind attention to this matter.

    Respectfully,

    KERLEY, WALSH, MATERA & CINQUEMANI, P.C.

*Carl Schaerf*

By: Carl J. Schaerf, Esq. (CS 5031)
*Attorneys for* The Governing Body of Jehovah's Witnesses
CSchaerf@kerleywalsh.com

**cc: All appearing counsel by ECF**