# KERLEY, WALSH, MATERA & CINQUEMANI, P.C.

BRIAN P. KERLEY
JEFFREY G. WALSH
ROSEMARY CINQUEMANI
GLENN J. MATERA
JEFFREY M. Di LUCCIO
PATRICK J. SHELLEY
STEPHEN E. RACH II
ROBERT K. LAPPING
TIMOTHY M. SHELLEY
KERRI E. LEVY
MICHAEL JANES
HEATHER L. AQUINO**
BRETT J. MILGRIM
ARGIRO DRAKOS
STEPHANIE A. JOHNSTON
CARL J. SCHAERF**
CAROL N. KOTSINIS**
GARY N. SMITH***
STEVEN J. KIM*

2174 JACKSON AVENUE
SEAFORD, NEW YORK 11783
(516) 409-6200
FAX (516) 409-8288

200 SHEFFIELD STREET, SUITE 208
MOUNTAINSIDE, NEW JERSEY 07092

555 FIFTH AVENUE, 14TH FLOOR
NEW YORK, NY 10017

*REMIT ALL RESPONSES TO THE
SEAFORD OFFICE

FARIJE FREILICH
ANGELA M. SANTORUFO
JOY WODA SCHNEIDER
**JOHN P. IANNONE, JR.
**JONATHAN R. JANOFSKY
MICHAEL A. GRAZIO
ROBERT O. PRITCHARD
VANESSA M. COSTANTINO
ZACHARY S. GOLDMAN
*MORGAN J. WILLIAMS

OF COUNSEL

KATHLEEN LINDSAY, R.N.
*THOMAS J. DECKER
KRISTEN SPOEREL

*Admitted in NJ
**Admitted in NY and NJ
***Admitted in NY, NJ and PA

April 20, 2026

**Via ECF**

The Honorable Nelson S. Roman
Judge of United States District Court
For the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: STELLA CRISTINA GOMES DE SOUZA v. WATCHTOWER BIBLE AND TRACT
SOCIETY OF PENNSYLVANIA, INC.

 Civil Action No. 7:25-cv-09458-NSR

Our file: 27208

Dear Judge Roman:

Our firm represents the individual members of the Governing Body of Jehovah's Witnesses ("Governing Body") in the captioned matter.  This letter is a request that the case be stayed pending decision by the New York Court of Appeals.  Plaintiff does not consent.  Co-defendants WTNY and WTPA do consent.

Plaintiff's motion to amend relies primarily upon the City Council's passage of 10-1104.1 in January of this year.  The question of whether an expanded, and retroactively applicable, statute of limitations is preempted by the prior passage of the CVA is currently before the New

York Court of Appeals on certified question from the Second Circuit in *Parker v. Alexander*, No. 25-487, 2026 WL 796168 (2d Cir. Mar. 23, 2026).  Plaintiff references as much in a footnote.

Judges within the Southern District have stayed cases pending decision on this issue from the New York Court of Appeals.  *Doe v. Alexander*, No. 25 Civ. 1631, 2025 WL 1384786, at *1 (S.D.N.Y. Apr. 25, 2025); Order at 1, *Willett v. Alexander*, No. 24 Civ. 5672 (S.D.N.Y. Mar. 18, 2025), Dkt. No. 23; *Tutor v. Alexander*, No. 26 Civ. 1813.

If the Child Victim's Act occupies the field, as we believe, and as Judge Kaplan concluded in *Parker*, it occupies the field not merely for purposes of 10-1104.1, but also, potentially, on the tolling theories plaintiff attempts to advance.  Therefore, in a very real way, the Court of Appeals decision may, and likely will,, greatly simplify the resolution of what is before the Court.  And we believe both the litigants and the Court should have the benefit of knowing the rule of decision before continuing the briefing.  There is little point in arguing over a point of State Law in Federal Court that is about to be conclusively decided.

There remain other arguments to make, even assuming the decision of Judge Kaplan is not affirmed.  My client has still not been served, as but one example.  But we do believe that a stay is in the interests of judicial economy.

We thank the Court for its kind attention to this submission.

KERLEY, WALSH, MATERA & CINQUEMANI, P.C.

*Carl Schaerf*

By:  Carl J. Schaerf, Esq. (CS 5031)
*Attorneys for* The Governing Body of Jehovah's Witnesses
CSchaerf@kerleywalsh.com

**cc: All appearing counsel by ECF**