USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____5/4/2026_____

# MCLAUGHLIN & STERN, LLP
## FOUNDED 1898

**JASON S. GIAIMO**
Partner
jgiaimo@mclaughlinstern.com
(212) 448-1100

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
www.mclaughlinstern.com

WESTFIELD, NEW JERSEY
MILLBROOK, NEW YORK
GARDEN CITY, NEW YORK
WESTPORT, CONNECTICUT
WEST PALM BEACH, FLORIDA
NAPLES, FLORIDA

April 21, 2026

**VIA ECF**
The Honorable Nelson S. Román
Judge of the United States District Court
For the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**The Court has considered Defendant Governing Body of Jehovah's Witnesses' letter motion to stay this action (ECF No. 46) and Plaintiff's letter opposing same (ECF No. 47). The Court grants the request and STAYS this action as other courts in this district have similarly done. The Clerk of Court is kindly directed to terminate the motion at ECF No. 46.**

**Date: May 4, 2026**
**White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

**Re:** ***Stella Cristina Gomes de Sousa v.***
***Watchtower Bible and Tract Society of Pennsylvania, Inc., et al.***
**Case No.: 7-25-cv-09458-NSR**

Dear Judge Román:

We represent the Plaintiff in the above-referenced action. We write in opposition to the improper letter motion of Defendant Governing Body of Jehovah's Witnesses ("Governing Body") seeking a stay of this action pending a decision by the New York Court of Appeals on the question of whether the Gender-Motivated Violence Act ("GMVA") is preempted by the Child Victims Act ("CVA"). *See* Dkt. No. 46.

As an initial matter, the Governing Body's letter motion is in direct contravention of Rule 3(ii) of Your Honor's Individual Practices in Civil Cases, which requires a pre-motion conference with the Court before filing a motion for a stay. Critically, the Governing Body's letter motion does not seek a pre-motion conference, and instead seeks an Order staying the action in its entirety. For this reason alone, the Governing Body's letter motion should be denied.

Substantively, moreover, the Governing Body's motion—which is based entirely on its contention that the Court of Appeals' decision on preemption "may, and likely will,, [sic] greatly simplify the resolution of what is before the Court"—fails to demonstrate circumstances justifying a stay. While the Court of Appeals decision will finally resolve whether the GMVA is preempted by the CVA, this issue is not dispositive of Defendants' pending motion to dismiss and Plaintiff's cross-motion for leave to amend.[1] Rather, as the Governing Body recognizes, there "remain other

---

[1]    In accordance with the Court's Minute Entry dated February 27, 2026, Plaintiff served her opposition to Defendants' motions to dismiss and her cross-motion for leave to amend on March 23, 2026, and will file those papers on May 8, 2026.

1

4923-6784-3748, v. 1

arguments" at issue, namely, that each of Plaintiff's causes of action are timely under the principles of equitable tolling and equitable estoppel.

As further set forth in Plaintiff's memorandum of law in opposition to Defendants' motions to dismiss, numerous courts have recognized that equitable tolling and/or estoppel is appropriate to toll or estop the statute of limitations as a result of the psychological impact of long-term or extreme sexual abuse that prevents a victim from coming forward even for some time after the abuse has ceased. *See, e.g.*, *Doe v. United States*, 76 F.4th 64, 71-72 (2d Cir. 2023); *Doe v. Warren*, 2024 U.S. Dist. LEXIS 106767, at *11-12 (S.D.N.Y. 2024); *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317 (E.D.N.Y. 2012). The Complaint is replete with detailed factual allegations demonstrating that Plaintiff has suffered—and continues to suffer—severe psychological trauma as a result of the repeated rape and sexual assaults perpetrated against her. Thus, the doctrines of equitable tolling and estoppel apply regardless of whether the GMVA is preempted by the CVA. At minimum, these equitable doctrines are "fact-bound" and are not appropriately resolved on a motion to dismiss. *See Bensky v. Indyke*, 743 F. Supp. 3d 586, 602 (S.D.N.Y. Aug. 5, 2024). As such, irrespective of the outcome of the Court of Appeals' decision on preemption, this action should proceed.

In connection with the same, we bring to the Court's attention the attached declarations of Stelma Cristiane Gomes de Souza and Stephany Cristini Gomes de Souza, which further substantiates the applicability of equitable tolling. As described therein, since the commencement of this action, Plaintiff's sisters have been subjected to repeated threats and harassment by members of the Jehovah's Witnesses in a clear effort to dissuade Plaintiff from prosecuting her claims, further substantiating that Plaintiff had (and has) a reasonable fear of retaliation such that tolling and/or estoppel is appropriate.

The Governing Body's motion should also be denied as premature. The Court has yet to resolve Plaintiff's cross-motion for leave to amend. As such, the operative pleading remains the Complaint filed on November 19, 2025 (Dkt. No. 9), which does not assert a claim under the GMVA. Of course, if Defendants were willing to stipulate to the filing of Plaintiff's proposed First Amended Complaint, this would have conserved the parties' and Court's resources and time, but Defendants refused. Now, after having forced Plaintiff to oppose Defendants' motions to dismiss and simultaneously file a cross-motion for leave to amend, the Governing Body is seemingly treating the proposed First Amended Complaint as the operative pleading, arguing that if the GMVA is preempted by the CVA, this "potentially" applies to Plaintiff's tolling theories as well as her proposed claim under the GMVA. The Governing Body is wrong. Plaintiff does not seek to toll the statute of limitations applicable to her proposed claim under the GMVA (which is timely irrespective of tolling and/or estoppel), but rather to toll and/or estop the statute of limitations applicable to Plaintiff's causes of action for negligent hiring/retention/supervision, negligence, gross negligence, and intentional infliction of emotional distress. Thus, even if the Court of Appeals determines that the GMVA is preempted by the CVA (which is unlikely given the Second Circuit's recognition that the Court of Appeals has never adopted as narrow a definition of the occupied "field" as the defendants advance, *see Parker*, 2023 U.S. App. LEXIS 8479, at *12 (2d Cir. Mar. 23, 2026)), such a ruling would be inapplicable to Plaintiff's remaining causes of action.

2

3

For these reasons, Plaintiff respectfully requests that the Court deny the Governing Body's letter motion for a stay.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

*/s/ Jason S. Giaimo*
Jason S. Giaimo

cc:    All Counsel of Record (via ECF)

3