UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STELLA CRISTINA GOMES DE SOUZA,

        Plaintiff,

    -against-

WATCHTOWER BIBLE AND TRACT SOCIETY
OF PENNSYLVANIA, INC.;
WATCHTOWER BIBLE AND TRACT SOCIETY
OF NEW YORK, INC.; and
THE GOVERNING BODY OF JEHOVAH'S
WITNESSES,

        Defendants.

Case No.: 7:25-cv-09458-NSR

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Brett R. Gallaway
Jason S. Giaimo
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
bgallaway@mclaughlinstern.com
jgiaimo@mclaughlinstern.com
*Attorneys for Plaintiff*

4929-2166-1101, v. 1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STANDARD ON THIS MOTION ........................................................................................... 3

ARGUMENT ............................................................................................................................ 4

    I.    THE COURT SHOULD RECONSIDER ITS ORDER AND VACATE THE STAY AS PLAINTIFF STATES NUMEROUS VIABLE CLAIMS FOR RELIEF SEPARATE AND APART FROM PLAINTIFF'S PROPOSED GMVA CLAIM .................................................... 4

    II.    PLAINTIFF WILL BE PREJUDICED IF THE STAY IS NOT VACATED .................... 9

CONCLUSION ........................................................................................................................ 11

4929-2166-1101, v. 1

## TABLE OF AUTHORITIES

**Cases**

*Bensky v. Indyke*,
743 F. Supp. 3d 586 (S.D.N.Y. Aug. 5, 2024)......................................................................... 3, 8

*Caekaert v. Watchtower Bible & Tract Socy. of N.Y., Inc.*,
2024 U.S. Dist. LEXIS 20886 (D. Mont. Feb. 6, 2024) ............................................................ 10

*Childers v. New York & Presbyterian Hosp.*,
36 F. Supp. 3d 292 (S.D.N.Y. 2014) ..................................................................................... 8

*Davis v. Jackson*,
2016 U.S. Dist. LEXIS 136034 (S.D.N.Y. Sept. 30, 2016)......................................................... 6

*Doe v. Alexander*,
2025 U.S. Dist. LEXIS 79557 (S.D.N.Y. Apr. 25, 2025)........................................................... 9

*Doe v. Combs*,
2025 U.S. Dist. LEXIS 94419 (S.D.N.Y. May 16, 2025) .......................................................... 9

*Doe v. Daddy's House Recordings Inc.*,
2025 U.S. Dist. LEXIS 94241 (S.D.N.Y. May 16, 2025) .......................................................... 9

*Doe v. United States*,
76 F.4th 64 (2d Cir. 2023) ................................................................................................ 2, 5

*Doe v. Warren*,
2024 U.S. Dist. LEXIS 106767 (S.D.N.Y. 2024)................................................................... 2, 5

*General Stencils, Inc. v. Chiappa*,
18 N.Y.2d 125 (1966)....................................................................................................... 7

*Harris v. City of New York*,
186 F.3d 243 (2d Cir. 1999) .............................................................................................. 8

*Hongxia Wang v. Enlander*,
2018 U.S. Dist. LEXIS 37910 (S.D.N.Y. Mar. 6, 2018) ............................................................ 8

*Humphries v. Button*,
2025 U.S. Dist. LEXIS 162472 (D. Nev. Aug. 20, 2025) ........................................................... 8

*In re S. Afr. Apartheid Litig.*,
617 F. Supp. 2d at 287 ..................................................................................................... 8

*J.P. v. Carlsbad Unified School Dist.*,
232 Cal. App. 4th 323 (Cal. 2014).......................................................................................... 7

*Jane W. v. Thomas*,
354 F. Supp. 3d 630 (E.D. Pa. 2018)...................................................................................... 6

4929-2166-1101, v. 1

*Kaplan v. Lebanese Canadian Bank*,
610 F. Supp. 3d 533 (S.D.N.Y. 2022) ................................................................. 10

*Kennedy v. Berkel & Co.*,
319 F. Supp. 3d (D.D.C. 2018) ............................................................................ 5

*Lou v. Baldwin Union Free Sch. Dist.*,
2014 U.S. Dist. LEXIS 17953 (E.D.N.Y. Feb. 12, 2014) ..................................... 3

*Padron v. Watchtower Bible & Tract Society of New York, Inc.*,
16 Cal. App. 5th 1246, 1272 (Cal. App. 2017) .................................................. 10

*Parker v. Alexander*,
2026 U.S. App. LEXIS 8479 (Mar. 23, 2026) ................................................. 1, 4

*PC-Palladio, LLC v. Nassi*,
2014 U.S. Dist. LEXIS 46193 (S.D.N.Y. Apr. 1, 2014) ....................................... 3

*RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*,
2023 U.S. Dist. LEXIS 12210 (S.D.N.Y. Jan. 24, 2023) .................................... 10

*Rivers v. Combs*,
2025 U.S. Dist. LEXIS 161235 (S.D.N.Y. Aug. 19, 2025) .................................. 9

*Stoll v. Runyon*,
165 F.3d 1238 (9th Cir. 1999) .......................................................................... 5, 6

*Sullivan v. City of New York*,
2014 U.S. Dist. LEXIS 82547 (S.D.N.Y. June 16, 2014) ..................................... 3

*T.W. v. Bible*,
2024 Cal. Super. LEXIS 38810 (Cal. Super. Ct. Sept. 3, 2024) ......................... 10

*Zimmerman v. Poly Prep Country Day Sch.*,
888 F. Supp. 2d 317 (E.D.N.Y. 2012) ............................................................ 2, 7

*Zumpano v. Quinn*,
6 N.Y.3d 666 (2006) ........................................................................................... 7

**Statutes**

Local Civil Rule 6.3 ............................................................................................. 3

4929-2166-1101, v. 1

Plaintiff Stella Christina Gomes de Souza ("Plaintiff") respectfully submits this memorandum of law in support of her motion pursuant to Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, for an Order reconsidering the Court's May 4, 2026 Order (the "Order") staying this action in its entirety pending resolution by the New York Court of Appeals of the question certified to it by the Second Circuit Court of Appeals in *Parker v. Alexander*, 2026 U.S. App. LEXIS 8479 (Mar. 23, 2026).

## **PRELIMINARY STATEMENT**

Prior to resolving the pending motions to dismiss of Defendants Watchtower Bible and Tract Society of Pennsylvania, Inc., Watchtower Bible and Tract Society of New York, Inc., and The Governing Body of Jehovah's Witnesses (the "Governing Body") (collectively, "Defendants"), and prior to resolving Plaintiff's pending cross-motion for leave to amend the Complaint, the Court granted the letter motion of the Governing Body to stay this action in its entirety pending the New York Court of Appeals' decision on whether the New York Gender-Motivated Violence Act ("GMVA") is preempted by the Child Victim's Act ("CVA"). Respectfully, the Court's determination to stay this action rests on a misapprehension of Plaintiff's claims and controlling authority.

As alleged in the Complaint—which remains the operative pleading until the Court grants Plaintiff's cross-motion for leave to amend—Plaintiff seeks redress for Defendants' negligence and intentional infliction of emotional distress arising from the repeated rapes, sexual assault, and sexual battery she endured as a minor at the hands of Angelo Roviezzo ("Roviezzo"), then a Circuit Overseer for Jehovah's Witnesses. Critically, the current Complaint ***does not*** include a cause of action under the GMVA, although Plaintiff seeks to add such a claim through her proposed First Amended Complaint.

Despite that the operative pleading does not assert a claim under the GMVA, the Court nevertheless stayed this action in its entirety pending resolution by the Court of Appeals of the question of GMVA preemption, which was certified to it by the Second Circuit in *Parker*. While Plaintiff remains confident that the Court of Appeals will determine that the GMVA is not preempted by the CVA, this issue is not dispositive of Defendants' pending motions to dismiss and Plaintiff's cross-motion for leave to amend. In fact, the Governing Body recognized as much in its letter motion to stay. *See* Dkt. No. 46 (acknowledging that there "remain other arguments to make, even assuming the decision of Judge Kaplan is not affirmed").

Indeed, separate and apart from Plaintiff's proposed claim for Defendants' violation of the GMVA, Plaintiff states viable claims against Defendants for their negligent hiring, retention, and supervision of Roviezzo, as well as their gross negligence and intentional infliction of emotional distress. These claims exist independently of and are unaffected by the GMVA preemption issue to be considered by the Court of Appeals.

While Defendants argue that these claims are barred by the statute of limitations such that Plaintiff's only potentially timely claim is the proposed GMVA claim, Defendants are wrong. The doctrines of equitable tolling and/or equitable estoppel apply to Plaintiff's non-GMVA claims and should proceed irrespective of the Court of Appeals' decision in *Parker*.

To be sure, numerous courts have recognized that equitable tolling and/or equitable estoppel is appropriate to toll or estop the statute of limitations as a result of the psychological impact of long-term or extreme sexual abuse that prevents a victim from coming forward even for some time after the abuse has ceased. *See, e.g., Doe v. United States*, 76 F.4th 64, 71-72 (2d Cir. 2023); *Doe v. Warren*, 2024 U.S. Dist. LEXIS 106767, at *11-12 (S.D.N.Y. 2024); *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317 (E.D.N.Y. 2012). Here, the Complaint is replete

2

with detailed factual allegations demonstrating that Plaintiff has suffered—and continues to suffer—severe psychological trauma as a result of the repeated rape and sexual assaults perpetrated against her, including a reasonable fear of retaliation for bringing this lawsuit.  In fact, since filing this action, Plaintiff's family members have been subjected to repeated threats of violence to themselves and their children by members of Jehovah's Witnesses, further substantiating that Plaintiff had (and has) a reasonable fear of retaliation.  *See* Dkt. Nos. 50-1, 50-2.   Thus, the doctrines of equitable tolling and estoppel apply regardless of whether the GMVA is preempted by the CVA. At minimum, these equitable doctrines are "fact-bound" and are not appropriately resolved on a motion to dismiss. *See Bensky v. Indyke*, 743 F. Supp. 3d 586, 602 (S.D.N.Y. Aug. 5, 2024). As such, irrespective of the outcome of the Court of Appeals' decision on GVA preemption, this action should proceed.

For these reasons, as further set forth herein, Plaintiff respectfully requests that the Court reconsider its Order staying this action.

**STANDARD ON THIS MOTION**

A motion for reconsideration rests in the trial court's sound discretion, the relevant factor being the need to correct a clear error or prevent manifest injustice.  *See Sullivan v. City of New York*, 2014 U.S. Dist. LEXIS 82547, at *2 (S.D.N.Y. June 16, 2014).  Thus, reconsideration may be granted where the moving party demonstrates that the Court has overlooked or misapprehended factual matters or controlling decisions that were presented to it on the underlying motion.  *See PC-Palladio, LLC v. Nassi*, 2014 U.S. Dist. LEXIS 46193, at *2-3 (S.D.N.Y. Apr. 1, 2014); *see also* Local Civil Rule 6.3.  Stated differently, reconsideration may be granted where the moving party points to matters that "might reasonably be expected to alter the conclusion reached by the court."  *PC-Palladio, LLC*, 2014 U.S. Dist. LEXIS 46193 at *3; *see also Lou v. Baldwin Union Free Sch. Dist.*, 2014 U.S. Dist. LEXIS 17953, at *4 (E.D.N.Y. Feb. 12, 2014) ("A motion for

3

4929-2166-1101, v. 1

reconsideration is appropriate when the moving party believes the Court overlooked important matters or controlling decisions that would have influenced the prior decision.").

## ARGUMENT

### I.    THE COURT SHOULD RECONSIDER ITS ORDER AND VACATE THE STAY AS PLAINTIFF STATES NUMEROUS VIABLE CLAIMS FOR RELIEF SEPARATE AND APART FROM PLAINTIFF'S PROPOSED GMVA CLAIM

Although the Court has not yet ruled on Plaintiff's cross-motion for leave to amend such that the operative pleading presently does not assert a claim under the GMVA, the Court nevertheless stayed this action in its entirety pending the Court of Appeals' decision in *Parker*. But even if the Court of Appeals determines that the GMVA is preempted by the CVA—which is unlikely given the Second Circuit's recognition that the Court of Appeals has never adopted as narrow a definition of the occupied "field" as the defendants advance (*see Parker*, 2023 U.S. App. LEXIS 8479 at *12)— Plaintiff's remaining claims are unaffected and should proceed.

More specifically, Plaintiff asserts claims against all Defendants for their negligent hiring, supervision, and retention, as well as their ordinary negligence, gross negligence, and intentional infliction of emotional distress. *See* Complaint at ¶¶ 77-103, 140-148. The Governing Body primarily argues in its pending motion to dismiss that Plaintiff fails to plausibly allege facts supporting these claims and all Defendants argue that these claims are untimely.[1] In opposition, Plaintiff conclusively demonstrates that Defendants' arguments are unavailing.

---

[1]      Defendants also argue that Plaintiff's Complaint should be dismissed on the basis of *forum non conveniens*, which the Governing Body recognizes is independent of the GMVA preemption issue (*see* Dkt. No. 46), and therefore is irrelevant to the stay Order. Likewise, the Governing Body's contention that Plaintiff fails to state claims for negligence, gross negligence, and intentional infliction of emotional distress are irrelevant to the GMVA preemption issue and the stay Order. Plaintiff has not yet filed her opposition to Defendants' motions to dismiss or her cross-motion for leave to amend the Complaint, which Plaintiff intended to do so by May 15, 2026 (*see* Dkt. No. 49) prior to the Court's Order staying the action. For the purposes of this motion, Plaintiff respectfully relies on the arguments advanced in her opposition to Defendants' motion to dismiss concerning the plausibility of these claims and is prepared to file her opposition and/or brief those issues as it relates to the stay Order should the Court request.

4

In particular, as to the statute of limitations, Plaintiff demonstrates that her claims are timely because the doctrines of equitable tolling and/or equitable estoppel apply to Plaintiff's non-GMVA claims.[2]  "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity."  *Doe v. United States*, 76 F.4th at 71 (quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000)).  Equitable tolling is a discretionary exercise of a court's equity powers and requires the litigant to demonstrate as a factual matter that some extraordinary circumstance stood in her way from bringing the lawsuit sooner and that she has been pursuing her rights diligently.  *Doe v. United States*, 76 F.4th at 71 (citing *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)).   Whether a plaintiff faced extraordinary circumstances depends on the severity of the obstacle impeding compliance with a limitations period, which include defendant's efforts to threaten or retaliate against a plaintiff if she files a claim, as well as a plaintiff's reasonable fear of retaliation.  *See id.* at 72.  Numerous courts have "recognized that the psychological impact of long-term or extreme sexual abuse can constitute an extraordinary circumstance that prevents a victim from coming forward even for some time after the abuse has ceased."  *Id.* (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *see also Kennedy v. Berkel & Co.*, 319 F. Supp. 3d 236, 259 (D.D.C. 2018)).

Thus, in *Doe v. United States*, the Second Circuit held that the district court could have reasonably found that the years of violent sexual abuse and threats to Doe's life gave Doe a specific and credible basis to fear retaliation and thereby constituted an extraordinary circumstance warranting tolling.  *See* 76 F.4th at 71.  Numerous other courts have reached the same conclusion. *See, e.g.*, *Doe v. Warren*, 2024 U.S. Dist. LEXIS 106767 at *11-12 (applying equitable tolling

---

[2]     Critically, Plaintiff does not seek to toll the statute of limitations applicable to her proposed claim under the GMVA (which is timely irrespective of tolling and/or estoppel), but rather to toll and/or estop the statute of limitations applicable to Plaintiff's causes of action for negligent hiring/retention/supervision, negligence, gross negligence, and intentional infliction of emotional distress.

5

where the plaintiff alleged that trauma, fear, and coercive power dynamics delayed her ability to bring claims arising from sexual abuse and trafficking, emphasizing that tolling is warranted where "psychological trauma, fear, and coercive power dynamics prevent victims from coming forward."); *Davis v. Jackson*, 2016 U.S. Dist. LEXIS 136034, at *35-36 (S.D.N.Y. Sept. 30, 2016) (equitable tolling appropriate where plaintiffs allege specific facts demonstrating that fear of retaliation arising from institutional authority reasonably impeded timely filing); *Stoll*, 165 F.3d at 1242 (holding that "the psychological effects of sexual abuse can themselves be extraordinary circumstances that prevent timely filing"); *Kennedy*, 319 F. Supp. 3d at 251-252 (recognizing that trauma and fear resulting from sexual assault can impede a victim's ability to file suit); *Jane W. v. Thomas*, 354 F. Supp. 3d 630, 640 (E.D. Pa. 2018) (holding that equitable tolling is appropriate where "the existence of a justifiable fear of violent reprisal by potential defendants or their allies" reasonably delays filing).

Here, just like in the foregoing, the Complaint demonstrates extraordinary circumstances and due diligence warranting equitable tolling. Among other things, Plaintiff alleges prolonged childhood sexual abuse by a senior religious authority figure; Defendants' knowledge and retaliatory response, including stripping Plaintiff and her family members of status within the Jehovah's Witnesses organization for reporting the abuse; numerous death threats received by Plaintiff in response to reporting the abuse internally to Defendants; Plaintiff's reasonable and credible fear of further retaliation and abuse; and resulting severe psychological injuries—including PTSD and numerous suicide attempts—that impaired her ability to disclose the abuse or pursue legal remedies. *See* Complaint at ¶¶ 1-9, 29-36, 38-45, 54-57, 65-66, 71-74, 75-76. The Complaint further alleges that her trauma persists to this day, culminating in a suicide attempt just one month before this action was commenced. *See id.* at ¶¶ 75-76, 146. Only when Plaintiff was

6

finally healthy enough did she take the courageous step in bringing this civil suit, all-the-while still credibly fearful of the enormous power that Defendants yield worldwide and the retaliation they may undertake.

In fact, since the commencement of this action, Plaintiff's family members have been subjected to repeated threats of violence to themselves and their children and harassment by members of Jehovah's Witnesses, further substantiating that Plaintiff had (and has) a reasonable fear of retaliation such that tolling is appropriate. *See* Dkt. Nos. 50-1, 50-2. These threats are so sincere and egregious that Plaintiff's two sisters have since applied for asylum status through immigration counsel to stay in the United Kingdom (where they currently reside) so they do not have to return to their home in Brazil and further put their family in harm's way at the hands of members of Defendants' congregations. Simply put, it would be difficult to imagine a set of circumstances any more extraordinary than those presented here.

And just like the doctrine of equitable tolling, the doctrine of equitable estoppel applies as it would be unjust to allow Defendants to assert a statute of limitations defense. *See General Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125, 127-128 (1966); *see also Zumpano v. Quinn*, 6 N.Y.3d 666, 673 (2006) To wit, a multitude of courts across the country have held that a defendant should be estopped from asserting the statute of limitations to defeat a claim arising from sexual abuse of a minor. *See, e.g., Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317 (E.D.N.Y. 2012) (denying motion to dismiss in sex abuse case where plaintiff raised equitable estoppel); *J.P. v. Carlsbad Unified School Dist.*, 232 Cal. App. 4th 323, 334-335 (Cal. 2014) (equitable estoppel applied to prevent the defendant from asserting the statute of limitations as a defense in action involving sexual abuse of minors); *Humphries v. Button*, 2025 U.S. Dist. LEXIS 162472 (D. Nev.

7

Aug. 20, 2025) (holding that equitable estoppel and/or equitable tolling were "legally viable" in action arising from sexual assault of minors).

At minimum, the Complaint raises fact-intensive questions concerning extraordinary circumstances and reasonable diligence that cannot be resolved on the pleadings. Indeed, Defendants' statute of limitations arguments are not yet ripe for resolution because statute of limitations defenses are affirmative defenses and Defendants bear the burden of proving that Plaintiff's claims are untimely. *See Childers v. New York & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 01 (S.D.N.Y. 2014). "[A] complaint does not need to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Id.* at 315. "[A] claim may be dismissed based on the statute of limitations only if it is clear on the face of the complaint that the claim is untimely as a matter of law." *Hongxia Wang v. Enlander*, 2018 U.S. Dist. LEXIS 37910 (S.D.N.Y. Mar. 6, 2018); *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("dismissal is appropriate only if a complaint clearly shows the claim is out of time").

In particular, "when plaintiffs raise an equitable tolling argument, a court must deny a motion to dismiss based on the statute of limitations 'unless all assertions of the complaint, as read with required liberality, would not permit the plaintiffs to prove that this statute was tolled.'" *In re S. Afr. Apartheid Litig.*, 617 F. Supp. 2d at 287. Plaintiff's fact-specific arguments under the equitable tolling doctrines render dismissal in advance of discovery wholly improper. *See Bensky*, 743 F. Supp. 3d at 602 (holding that in action alleging sexual abuse by Jeffrey Epstein, defendants' statute of limitations argument was premature as the plaintiff's equitable arguments for tolling and/or estoppel presented fact questions inappropriate for resolution on a motion to dismiss); *see also Hongxia Wang*, 2018 WL 1276854, at *4.

8

Based on the foregoing, Plaintiff respectfully submits that her claims for negligence, gross negligence, and intentional infliction of emotional distress are independent of, and are unaffected by the GMVA, and should proceed while the Court of Appeals decides *Parker*.  While Plaintiff recognizes that other courts in this District have granted stays pending the Court of Appeals' resolution of the GMVA preemption issue, those cases are distinguishable because either both parties requested the stay (*see Doe v. Combs*, 2025 U.S. Dist. LEXIS 94419, at *3 (S.D.N.Y. May 16, 2025); *Doe v. Daddy's House Recordings Inc.*, 2025 U.S. Dist. LEXIS 94241, at *3 (S.D.N.Y. May 16, 2025)); the court limited the stay solely to the specific GMVA cause of action (*see Rivers v. Combs*, 2025 U.S. Dist. LEXIS 161235, at *28 (S.D.N.Y. Aug. 19, 2025) ("the Court stays further proceedings as to Count Fifteen until the Second Circuit determines whether the Revival Provision is preempted by the Adult Survivors Act")); or because the GMVA issue would be dispositive of all claims asserted (*see Doe v. Alexander*, 2025 U.S. Dist. LEXIS 79557, at *1 (S.D.N.Y. Apr. 25, 2025)).  None of those circumstances are present here, where Plaintiff has not joined in the request for the stay, the GMVA preemption issue is not dispositive of Plaintiff's remaining causes of action, and the Court has not limited the stay solely to the proposed GMVA claim.

Accordingly, Plaintiff respectfully requests that the Court reconsider its Order and vacate the stay.

## II.    PLAINTIFF WILL BE PREJUDICED IF THE STAY IS NOT VACATED

In the event the stay is not vacated, Plaintiff will be forced to wait upwards of six months, and likely longer, to resume this litigation.  Briefing before the Court of Appeals in the *Parker* matter will not be complete until at least August 17, 2026, such that this matter will not be scheduled for oral argument until October 2026 at the earliest.  A decision on the issue of GMVA

9

preemption, therefore, may not be published until well into 2027. During that time, Plaintiff will be severely prejudiced if this case is stayed.

As discussed *supra*, Plaintiff and her family have already received numerous threats from members of the Jehovah's Witnesses seeking to dissuade Plaintiff from continuing this lawsuit. It stands to reason that Plaintiff and her family may continue to receive threats during the stay period, adding to the emotional distress and trauma Plaintiff has suffered as a result of Defendants' unlawful conduct, while simultaneously being prohibited from materially advancing her claims. Additionally, Plaintiff may be further prejudiced from the delay in prosecuting her claims as key evidence may be lost, witness memories may fade, and witnesses may relocate. *See RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, 2023 U.S. Dist. LEXIS 12210, at *6-7 (S.D.N.Y. Jan. 24, 2023) ("The potential fading memories of witnesses who were part of the historical relationship between the parties weighs against a stay."); *Kaplan v. Lebanese Canadian Bank*, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022) ("As more time passes, the higher the risk that witnesses will become unavailable and memories will fade."). These concerns are particularly profound given the numerous discovery sanctions issued against Defendants and their counsel for ignoring Court discovery orders and refusing to produce responsive discovery. *See, e.g.*, *Caekaert v. Watchtower Bible & Tract Socy. of N.Y., Inc.*, 2024 U.S. Dist. LEXIS 20886, at *39 (D. Mont. Feb. 6, 2024) (sanctioning defendants and their counsel for their "particularly egregious" violations of the Court's discovery order); *T.W. v. Bible*, 2024 Cal. Super. LEXIS 38810, at *15 (Cal. Super. Ct. Sept. 3, 2024) (sanctioning WTNY for discovery abuse); *Padron v. Watchtower Bible & Tract Society of New York, Inc.*, 16 Cal. App. 5th 1246, 1272 (Cal. App. 2017) (sanctioning WTNY and finding that it has "abused the discovery process").

4929-2166-1101, v. 1

For these additional reasons, Plaintiff respectfully submits that the Court reconsider its Order and vacate the stay.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that her motion for reconsideration be granted in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 18, 2026                 MCLAUGHLIN & STERN, LLP


By: */s/ Jason S. Giaimo*
     Brett R. Gallaway
     Jason S. Giaimo
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
bgallaway@mclaughlinstern.com
jgiaimo@mclaughlinstern.com
*Attorneys for Plaintiff*

11

4929-2166-1101, v. 1